FILED'11 JUN 17 16:40USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

JASON ALAN COOK,

       Plaintiff,         Civil No. 11-407-CL

       v.                      REPORT AND
                             RECOMMENDATION
HERMAN C. BYLENGA,

       Defendant.

CLARKE, Magistrate Judge.

    Plaintiff filed this action pursuant to 42 U.S.C. § 1983 alleging violations of his Sixth Amendment rights arising out of his appointed attorney's representation in a criminal prosecution.

    In an Order (#4) filed April 6, 2011, plaintiff was advised that his claim was properly construed as a claim for habeas corpus relief under 28 U.S.C. § 2254 and allowed 30 days to file an amended pleading on the appropriate form.

1 - REPORT AND RECOMMENDATION

In a telephone message to the Clerk of the Court on April 20, 2011, plaintiff informed the court that he is no longer incarcerated "as he beat the charges."

Accordingly, habeas relief is no longer the issue. Moreover, since plaintiff is no longer incarcerated the PLRA fee assessment protocols do not apply. Therefore, plaintiff's Application to proceed in forma pauperis (#6) is allowed. However, for the reasons set forth below, plaintiff's complaint should be dismissed for lack of jurisdiction and failure to state a claim.

In order to state a claim under 42 U.S.C. § 1983, plaintiff must establish that the alleged conduct complained of was taken by a defendant acting under the color of state law. American Manufacturing Mutual Ins. Co. V. Sullivan, 526 U.S. 40 (1999) (holding that the under color of state law element of § 1983 excludes from its reach private conduct no matter how discriminatory.); Crumpton v. Gates, 947 F.2d 1418, 1420 (9th Cir. 1991); Lugar v. Edmonson, 457 U.S. 922, 937 (1982); Gibson v. United States, 781 F.2d 1334, 1338 (9th Cir. 1986).

Generally, private parties do not act under the color of state law. Price v. Hawaii, 939 F.2d 702-708 (9th Cir. 1991); Ortiz v. Washington County, 88 F.3d 804, 810 (D. Or. 1996). Specifically, court appointed attorney's do not act under the color of state law in the course of representing criminal defendants. Polk County v. Dodson, 454 U.S. 312 (1981); Szijarto v. Legeman, 466 F.2d 864 (9th

2 - REPORT AND RECOMMENDATION

Cir. 1972).[1]

In this case, plaintiff's allegations relate to his appointed attorney's alleged conduct in representing plaintiff on criminal charges. Accordingly, the conduct complained of was not "state action" or "under color of state law," and the court lacks jurisdiction over plaintiff's claim.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's

---

[1] Under some circumstances, not present in this case, private conduct may give rise to a claim under 42 U.S.C § 1983 where the private actor's alleged infringement of the plaintiff's rights is "fairly attributable to the state." See, West v. Atkins, 487 U.S. 50 (1998).

3 - REPORT AND RECOMMENDATION

recommendation.

DATED this 17 day of June, 2011.

Mark D. Clarke
United States Magistrate Judge

4 - REPORT AND RECOMMENDATION